**Opinion issued December 5, 2017.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00350-CR
_____

**STATYRA EAGLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1536313**

---

## MEMORANDUM OPINION

Appellant, Statyra Eaglin, pleaded guilty to the offense of possession of a controlled substance. In accordance with the terms of appellant's plea bargain agreement with the State, the trial court signed an order deferring adjudication and

placing appellant on two years of community supervision. Appellant filed a *pro se* notice of appeal.

In a plea bargain case, a defendant may appeal only (1) matters raised by a written motion that appellant filed and the court ruled on before trial or (2) after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). Here, neither applies.

The trial court's certification states that this is a plea bargain case and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports this conclusion. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Accordingly, we dismiss. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

We dismiss the appeal. We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Caughey.
Do not publish. TEX. R. APP. P. 47.2(b).